# Exhibit G

## The Cicala Law Firm PLLC

January 31, 2018

**VIA ELECTRONIC FILING**

The Honorable Judge Dan Aaron Polster
Carl B. Stokes U.S. Court House
801 West Superior Avenue, Courtroom 18B
Cleveland, Ohio 44113-1837

Re:  Webb County, Texas Opioid Litigation and PBM Defendants
     *County of Webb v. Purdue Pharma, L.P., et al.*, Case No. 5:18-cv-00011 (S.D. Tex.)
     *In Re: National Prescription Opiate Litigation,* Case No. 1:17-md-02804 (N.D. Ohio)

Dear Judge Polster:

My firm is lead counsel to Webb County, Texas which filed the enclosed complaint last Thursday, January 25, 2018 in the United States District Court, Southern District of Texas, Laredo Division. Sanford Heisler Sharp, LLP, of Nashville and New York City, is co-counsel to my firm in the Webb matter.

We know that the Court is in the midst of a full-day closed hearing in the above-referenced multi-district litigation ("MDL") but nevertheless wished to communicate the existence of our Webb County pleading. Webb County names a critical defendant group — pharmacy benefit managers ("PBMs") — that no other plaintiff before this Honorable Court has yet named. It is our view that PBMs are necessary parties to any effort to abate the opioid crisis and to address the legal issues presented by these matters of public importance. We know that abatement and constructive solutions to this crisis are at the forefront of this Court's mind.

The Sanford firm and I reached out to the MDL Plaintiffs' Co-Lead Counsel last week after the Webb complaint was filed to discuss the inclusion of PBMs in this litigation, including today's hearing, and any abatement efforts being considered. Co-Lead Counsel responded that today's hearing was closed, but there would be future opportunities for us to present our perspective to your Honor.

We certainly respect the position of Co-Lead Counsel. However, we have read your Honor's numerous comments that the Court seeks to have all responsible parties in the Courtroom. In addition, in today's Law360 article, the Court is quoted as saying that it is "open to suggestions from the lawyers and the parties on how to manage the case."[1] Given these remarks, we felt the inclusion of PBMs in these matters was of sufficient importance to warrant bringing it to the Court's immediate attention.

---

[1] Emily Field and Jeff Overley, *Meet The Judge Who's Steering The Epic Opioid MDL*, Law360 (Jan. 30, 2018), https://www.law360.com/articles/1003044/meet-the-judge-who-s-steering-the-epic-opioid-mdl

Judge Polster
January 31, 2018
Page 2

    In the interest of efficiency, we specifically direct the Court to the Introduction and the "PBM Factual Allegations" sections of the enclosed pleading.

    We thank your Honor for consideration of our perspective.

                                              Respectfully submitted,

                                              Joanne Cicala
                                              THE CICALA LAW FIRM PLLC

Enclosure

cc:     Joseph F. Rice (jrice@motleyrice.com)
        Paul T. Farrell, Jr. (paul@greeneketchum.com)
        Paul J. Hanly, Jr. (phanly@simmonsfirm.com)
        Kevin H. Sharp (ksharp@sanfordheisler.com)
        Ross B. Brooks (RBrooks@sanfordheisler.com)