## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

City of Philadelphia,

               Plaintiff,

v.

CVS Health Corporation *et al*.,

               Defendants.

Case No.: 2:25-cv-6185-GJP

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF JOINT MOTION TO DISMISS (ECF 85)

Defendants submit this brief in support of their motion for leave to file a reply in support of their joint motion to dismiss the complaint for failure to state a claim (ECF 85). For the reasons explained below, this Court should grant the motion and allow Defendants to file their proposed, ten-page reply, a copy of which is attached as Exhibit A to Defendants' motion, because it responds to points raised by the City, addresses new authority, will assist the Court in deciding Defendants' joint motion to dismiss, and will not prejudice the City.

### BACKGROUND

The City's complaint asserts claims against all Defendants for public nuisance, violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), violation of the Philadelphia Consumer Protection Ordinance ("PCPO"), negligence and gross negligence, violation of federal civil RICO, civil conspiracy, and concerted action. ECF 1 ¶¶ 701–861.

On November 21, 2025, the City and Defendants filed a joint stipulation to extend the time for Defendants to answer, move, or otherwise respond to the complaint until January 15, 2026. ECF 24. The stipulation also proposed a briefing schedule whereby the City would respond to any motions to dismiss by February 24, 2026, and any replies would be filed by March 17, 2026. *Id.*

On November 25, 2025, the Court so-ordered the parties' proposed stipulation. ECF 34. On December 18, 2025, Defendants filed a consent motion to expand the page limits for the briefs in support of their motions to dismiss. *See* ECF 71. Specifically, Defendants requested a 50-page limit for a joint brief in support of a motion to dismiss, and a 25-page limit for any individual brief filed on behalf of any family of Defendants. The City did not oppose the motion, and the parties proposed that the City would receive an equal number of pages for their response briefs. *Id*.

On December 23, 2025, the Court granted in part and denied in part Defendants' motion, ordering that (1) Defendants may file a joint brief not exceeding 40 pages; (2) each family of Defendants may file a single brief addressing grounds for dismissal specific to that family or one of its members not exceeding 15 pages; (3) the City may file responses within the same page limits; and 4) there will be no replies. ECF 72. In accordance with the Court's order, on January 15, 2026, Defendants filed a joint motion to dismiss the City's complaint for failure to state a claim and a 40-page brief in support. ECF 85. The CVS Caremark Defendants and the Optum Defendants each filed individual motions to dismiss accompanied by 15-page briefs in support. ECF 82, 83. The Express Scripts Defendants did not file an individual motion or brief. On February 24, 2026, the City filed responses in opposition to each of the motions to dismiss. ECF 87, 88, 90.

## ARGUMENT

Local Rule 7.1(c) provides that, following the submission of a motion and response, "the Court may require or permit additional briefs or submissions if the Court deems them necessary." EDPA Local Rule 7.1(c). This Court's policies and procedures provide that, generally, "[r]eply briefs are permitted" and that they "must be filed within seven days of the date that a non-moving party files its opposition brief, may not exceed ten pages, and must be limited to issues newly raised in the opposing party's response." Hon. Gerald J. Pappert, Policies and Procedures II.D.3 (Rev. 2025). Courts in this Circuit likewise grant motions for leave to file a reply if a party

"propose[s] the reply in good faith, seeking to respond to [the opposing party's brief] and not to regurgitate or put forth new arguments." *Raritan Baykeeper, Inc. v. NL Indus., Inc*., 2018 WL 4110946, at *1 (D.N.J. Aug. 29, 2018).

Although the Court previously ordered that no replies are permitted, *see* ECF 72, the Court should grant Defendants leave to file the proposed ten-page reply because the City's response raises new arguments that Defendants have not had an opportunity to address, some of which contain important concessions that will crystallize the issues before the Court on Defendants' joint motion to dismiss. For example, the City now indicates for the first time that it is no longer pursuing a UTPCPL claim against the Express Scripts or Optum Defendants, warranting dismissal of that claim as to those Defendants. *See* ECF 90 n.4. And on the statutes of limitations, the City's opposition clarifies that it invokes certain tolling doctrines only as to some of its claims. *See id.* at 7. A short reply is warranted to address these and other issues "newly raised in the [City's] response," Policies and Procedures II.D.3, regarding the statutes of limitations, civil RICO, public nuisance, and negligence. In addition, on March 2, 2026, the First Circuit affirmed the district court opinion in *City of Boston v. Express Scripts, Inc*., 765 F. Supp. 3d 31 (D. Mass. 2025), a case Defendants rely upon in their joint motion to dismiss. *See City of Boston*, --- F.4th ---, 2026 WL 575418 (1st Cir. Mar. 2, 2026). Defendants discuss this decision and its implications in their proposed reply.

Defendants believe that their proposed reply of no more than ten pages succinctly responding to these new arguments and authorities would aid the Court in its consideration of Defendants' joint motion to dismiss. Such a limited reply will not prejudice the City, which previously stipulated to the submission of replies. *See* ECF 24. Moreover, the Express Scripts Defendants did not file a separate motion to dismiss specific to its family of Defendants, as

previously permitted. *See* ECF 72. Accordingly, even with the proposed reply, Defendants have not exceeded the total number of pages allotted to Defendants' motion to dismiss briefing.

## <u>CONCLUSION</u>

Defendants respectfully request that the Court grant their motion for leave to file a reply in support of the joint motion to dismiss the complaint for failure to state a claim and permit them to file the proposed reply attached as Exhibit A to Defendants' motion.

Dated: March 3, 2026

Respectfully submitted,

*/s/ Joseph I. Fontak*
Joseph I. Fontak
LEADER BERKON COLAO
& SILVERSTEIN LLP
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 755-0455
jfontak@leaderberkon.com

Brian D. Boone (admitted *pro hac vice*)
ALSTON & BIRD LLP
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
(704) 444-1000
brian.boone@alston.com

Michael A. Kaeding (admitted *pro hac vice*)
ALSTON & BIRD LLP
555 Fayetteville St., Suite 600
Raleigh, NC 27601
(919) 862 2200
mike.kaeding@alston.com

Debolina Das (admitted *pro hac vice*)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
(212) 210-9400
debolina.das@alston.com

*/s/ Elisabeth Miller*
Elisabeth Miller (PA 335455)
David Mader (*pro hac forthcoming*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
295 5th Avenue
New York, NY 10016
(212) 849-7000
elisabethmiller@quinnemanuel.com
davidmader@quinnemanuel.com

Michael Lyle (admitted *pro hac vice*)
Jonathan G. Cooper (admitted *pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, DC 20004
(202) 538-8000
mikelyle@quinnemanuel.com
jonathancooper@quinnemanuel.com

*Attorneys for Defendants Express Scripts, Inc., Express Scripts Administrators, LLC, Medco Health Solutions, Inc., ESI Mail Order Processing, Inc., ESI Mail Pharmacy Service, Inc., Express Scripts Pharmacy, Inc., Evernorth Health, Inc., Express Scripts Specialty Distribution Services, Inc.*

4

Robert J. Giuffra, Jr. (admitted *pro hac vice*)
Jeffrey T. Scott (admitted *pro hac vice*)
Matthew J. Porpora (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
(212) 558-4000
giuffrar@sullcrom.com
scottj@sullcrom.com
porporam@sullcrom.com

*Attorneys for Defendants UnitedHealth Group,
Inc.; Optum, Inc.; OptumInsight, Inc.;
OptumInsight Life Sciences, Inc.; OptumRx, Inc.;
OptumRx Discount Card Services, LLC; Optum
Perks, LLC; OptumHealth Care Solutions, LLC;
OptumHealth Holdings, LLC; and Optum Health
Networks, Inc.*

*/s/ Robert J. Norcia*
Robert J. Norcia (PA 321509)
STRADLEY RONON STEVEN
& YOUNG LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19106
(215) 564-8663
rnorcia@stradley.com

Steven N. Herman (PA 205832)
Blair G. Brown (admitted *pro hac vice*)
Ivano M. Ventresca
Brian J. Beaton, Jr. (admitted *pro hac vice*)
Aaron Chou (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
2100 L Street, NW, Suite 400
Washington, DC 20037
(202) 778-1800
sherman@zuckerman.com
bbrown@zuckerman.com
iventresca@zuckerman.com
bbeaton@zuckerman.com
achou@zuckerman.com

Conor B. O'Croinin (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
(410) 332-0444
cocroinin@zuckerman.com

*Attorneys for Defendants CVS Pharmacy, Inc.,
CVS Health Corporation, Caremark Rx, L.L.C.,
Caremark, L.L.C., CaremarkPCS Health, L.L.C.,
AdvanceRx.com, L.L.C., and CaremarkPCS
Pennsylvania Mail Pharmacy, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on March 3, 2026, a copy of the foregoing brief was electronically filed using the Court's CM/ECF system, which will automatically serve all counsel of record.

<u>*/s/ Elisabeth Miller*</u>
Elisabeth Miller (PA 335455)