UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CITY OF PHILADELPHIA,<br><br>Plaintiff<br><br>v.<br><br>CVS HEALTH CORPORATION, *et al.*,<br><br>Defendants. | No. 2:25-cv-06185-GJP |

**CVS DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

The CVS Defendants: CVS Health Corporation, CVS Pharmacy, Inc., Caremark Rx, L.L.C., Caremark, L.L.C., CaremarkPCS Health, L.L.C., AdvanceRx.com, L.L.C., and CaremarkPCS Pennsylvania Mail Pharmacy, LLC (the "CVS Defendants") respectfully move this Court for leave to file a reply brief, attached to the motion as Exhibit A, in support of their motion to dismiss the Complaint. Good cause supports the CVS Defendants' motion. CVS Health Corporation and Caremark Rx, L.L.C. join this motion without waiving their defense of a lack of personal jurisdiction.

This Court's policies and procedures provide that, generally, "[r]eply briefs are permitted" and that they "must be filed within seven days of the date that a non-moving party files its opposition brief, may not exceed ten pages, and must be limited to issues newly raised in the opposing party's response." Hon. Gerald J. Pappert, Policies and Procedures § II.D.3 (Rev. 2025). The CVS Defendants request leave to file a short, five-page reply, recognizing that the Court previously ordered the parties to not submit replies, ECF 72, because CVS Defendants' proposed reply responds only to new issues raised by the City and appropriately narrows the issues by pointing out concessions the City made in its opposition memoranda. The proposed reply brief clarifies the scope of this dispute by highlighting concessions the City made, such as (1) that *nullum tempus* does not apply to its contract claim; (2) that tolling doctrines are necessary to save the timeliness of the City's breach of contract claim; and (3) that the City no longer seeks any form of private relief through its public-nuisance claim, which means that its claim is duplicative of the claim released by the Attorney General of Pennsylvania acting on behalf of all Pennsylvania subdivisions, including the City of Philadelphia.

Further, the reply brief succinctly rebuts new arguments raised by the City's opposition. These issues include the propriety of reviewing extra-complaint evidence, which may be dispositive of the dispute between the parties, as well as the application of the continuing-violation doctrine under Pennsylvania law. By providing argument and caselaw on such issues, the CVS Defendants' proposed reply brief will assist the Court.

2

Finally, the reply brief apprises the Court of new intervening authority that bears on the statute of limitations issue. On March 2, 2026, the First Circuit affirmed the district court decision in *City of Boston v. Express Scripts, Inc.* --- F.4th ----, 2026 WL 575418 (1st Cir. Mar. 2, 2026), *aff'g* 765 F. Supp. 3d 31 (D. Mass. 2025). The First Circuit's discussion further demonstrates why the City's breach of contract claim is untimely and cannot be saved by tolling.

There is no prejudice to the City. Previously, the Court granted in part and denied in part Defendants' consent motion to expand page limits for briefs supporting and opposing their motions to dismiss. ECF 71. Defendants, however, did not collectively use the full number of pages the Court permitted in their opening briefs. The Express Scripts Defendants did not file a separate brief in support of their motion to dismiss. The CVS Defendants' proposed reply brief is five pages. Together with the proposed joint reply submitted by all Defendants, the two proposed reply briefs total 15 pages—the additional number of pages the Court anticipated Defendants would use. The Court would benefit from allowing the CVS Defendants to file a clarifying reply brief that is a fraction of the number of pages ordinarily allowed for replies and that was timely filed.

For the above-discussed reasons and to assist the Court in its resolution of the motion to dismiss, the CVS Defendants respectfully request that the Court grant them leave to file their proposed reply brief.

Dated: March 3, 2026                                    Respectfully submitted,

*s/* <u>*Robert J. Norcia*</u>
Robert J. Norcia (PA 321509)
STRADLEY RONON STEVEN
& YOUNG LLP
2005 Market Street, Suite 2600
Philadelphia, PA
(215) 564-8663
rnorcia@stradley.com

Blair G. Brown (admitted *pro hac vice*)
Steven N. Herman
Ivano M. Ventresca
Brian J. Beaton, Jr. (admitted *pro hac vice*)
Aaron Chou (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
2100 L Street, NW, Suite 400
Washington, DC 220037
(202) 778-1800
bbrown@zuckerman.com
sherman@zuckerman.com
iventresca@zuckerman.com
bbeaton@zuckerman.com
achou@zuckerman.com

Conor B. O'Croinin (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
(410) 332-0444
cocroinin@zuckerman.com

*Attorneys for Defendants CVS Pharmacy, Inc., CVS Health Corporation, Caremark Rx, L.L.C., Caremark, L.L.C., CaremarkPCS Health, L.L.C., AdvanceRx.com, L.L.C., and CaremarkPCS Pennsylvania Mail Pharmacy, LLC*