# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CITY OF PHILADELPHIA, | Case No. 2:25–cv–06185–GJP |
| *Plaintiff* | The Honorable Gerald J. Pappert |
| –v– | |
| CVS HEALTH CORPORATION, *et al.*, | |
| *Defendants.* | |

**CVS DEFENDANTS' REPLY BRIEF IN
IN SUPPORT OF THEIR MOTION TO DISMISS**

The CVS Defendants submit this reply brief in support of their motion to dismiss, responding to certain points raised by the City and addressing new authority. CVS Health Corporation and Caremark Rx, L.L.C. join this reply without waiving their defense of lack of personal jurisdiction.

## I. THE CITY'S BREACH OF CONTRACT CLAIM FAILS.

The City does not deny that its breach of contract claim must be dismissed as to all CVS entities other than CaremarkPCS Health, L.L.C., the only entity with which it contracted. And the City acknowledges that *nullum tempus* does not apply to its contract claim, ECF 88 at 8, and that any contract claim based on a pre-2021 contract must be saved by a tolling doctrine, *id.* at 7. With those concessions, the City's opposition confirms that its contract claims fail for at least two reasons.

*First*, the City's opposition confirms that the statute of limitations bars its contract claim, the City cannot invoke *nullum tempus*, and tolling does not apply. The City does not dispute that if it had actual, constructive, or inquiry notice of its injury then the discovery rule, fraudulent concealment, and equitable estoppel are inapplicable. *See* ECF 85-11 at 10-11; ECF 82-1 at 4-7; *City of Boston v. Express Scripts, Inc.*, --- F.4th ----, 2026 WL 575418, at *2-3 (1st Cir. Mar. 2, 2026), *aff'g* 765 F. Supp. 3d 31 (D. Mass. 2025). The City does not seriously deny that it knew of its injury and that others had caused it when it began bringing opioid-related suits against companies, including CVS, over four years ago, and was aware (or should have been aware) of scores of other cases brought by municipalities against CVS (as a pharmacy, distributor, and PBM). That is more than enough. As a result, the City's reliance on allegations of misrepresentations or concealment by CVS is mistaken—the City had notice of its injury, irrespective of anything CVS did or did not do. ECF 88 at 8-10. In any event, the City's own case, *Mest v. Cabot Corp.*, demonstrates that the City's broad allegations of misrepresentations without factual adornment do not satisfy the strictures of invoking fraudulent concealment. 449 F.3d 502, 517 (3d Cir. 2006) (a plaintiff must show an "affirmative and independent act of concealment").

The City's reliance on the continuing-violation doctrine is even further afield. The Third Circuit has explained that "the mere fact that the repudiation of a contract has continuing effect does not trigger the continuing violation doctrine." *Steudtner v. Duane Reade, Inc.*, 629 F. App'x 389, 392 (3d Cir. 2015) (applying identical New York law). The City attempts to resurrect decades old contract claims—stretching as far back as *2006*—premised on separate contracts covering distinct and finite time periods obligating CaremarkPCS Health, L.L.C. only while such contracts were in effect. Nothing could be less continuous. *Heraeus Medical GmbH v. Esschem, Inc.*, relied on by the City, confirms as much. 927 F.3d 727 (3d Cir. 2019). Although breaches of contract *within* the four-year limitations period could be timely—like the "separate misappropriations" that constitute "wrongful uses of a trade secret … within three years of [a] complaint's filing," *id.* at 741—the statute of limitations unquestionably bars claims for any breaches outside such period, *id.*

*Second*, the City suggests that the Court should disregard the *actual* contract language, including examples submitted by CaremarkPCS Health, L.L.C. The City asserts that there are more than two contracts at issue, their terms vary, and there *could be* other relevant provisions. ECF 88 at 3. But it is the City that alleged that the contracts contain materially similar formulary management, DUR, mail-service, and rebate provisions. Compl. ¶¶ 550, 551, 553, 555, 557. Either the relevant provisions are materially similar across the contracts (they are), in which case CVS properly submitted excerpts to show why the City's claim fails, ECF 82-1 at 3, or the provisions differ, in which case the City may not maintain breach claims premised on identical allegations for distinct contracts. The City, of course, does not point to any other relevant provisions or contend that they materially vary on the points CVS raised. Once the contracts' plain language is considered, the City's claims fail because the City misreads contract obligations and fails to adequately plead facts supporting a breach. *See* ECF 82-1 at 7-10.

Indeed, the City's cryptic assertion of a misappropriation of rebates cannot possibly state a claim. The City vaguely asserts that CaremarkPCS Health breached its contractual obligation to pass

on rebates paid by opioid manufacturers in connection with opioid prescriptions prescribed to, and filled for, City employees. ECF 88 at 3. The City contends that this mislabeling of opioid rebates stretches back 20 years, but it fails to explain basic details of its theory: which manufacturers; which drugs; which fees were mislabeled and how; whether the "mislabeled" fees are the same kinds of fees in 2006 as in 2021; and whether the City has demanded payment of these fees at any point in 20 years. Without any of these details, the Court and CVS are left to guess what facts support the claim.

## II.   THE COMMONWEALTH RELEASED THE SAME PUBLIC-NUISANCE CLAIM THE CITY ASSERTS AGAINST CVS.

The City admits that "public entities are precluded from seeking damages in a public nuisance action," ECF 89 at 8, and does not address the decisions that explain that when the City asserts a purely *public* public-nuisance claim it does so as a surrogate for the Commonwealth, ECF 82-1 at 13. But the *actual* Commonwealth already released the Commonwealth's statewide public-nuisance claim against CVS. The consent judgment entered by the Commonwealth Court therefore clearly bars the City's duplicative claim.

Recognizing its problem, the City pleads with this Court to ignore altogether the Commonwealth Court's judgment. ECF 88 at 10. But the City relies on two cases that involved settlement agreements, not judgments which are matters of public record. In fact, the City's own authority establishes that "[t]o decide a motion to dismiss, courts generally consider . . . matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Ahmed v. Wells Fargo Bank, NA,* 432 F. Supp. 3d 556, 562 (E.D. Pa. 2020) (same); *McDevitt v. Borough of Clementon*, No. 18-17092, 2020 WL 468405, at *3 (D.N.J., Jan. 28, 2020) (same). Accordingly, the City cannot escape the obvious preclusive effects of the Commonwealth Court's judgment.

The rest of the City's arguments all fail too. First, the City suggests that the Court needs to make a factual determination whether the consent judgment applies to the City. ECF 88 at 12. It does apply. The Attorney General released all public claims that could ever be asserted by all of the

3

Commonwealth's subdivisions "whether or not any of them participate in the Agreement." ECF 82-4 at 11. The City does not deny that it is a subdivision of the Commonwealth.

Second, the City posits that the Court must postpone a determination whether the Attorney General has the power to release public claims. But the City ignores *City of Philadelphia v. Beretta U.S.A., Corp.*, in which the court explained that when a subdivision such as the City asserts a public-nuisance claim on behalf of Pennsylvania citizens, it necessarily "seeks to exert traditional state power." 126 F. Supp. 2d 882, 893 (E.D. Pa. 2000). Put another way, when the City asserts a public-nuisance claim on behalf of Pennsylvania citizens that happen to reside in Philadelphia, the City acts as a "surrogate[]" for the Commonwealth. *Id.* For this same reason, the City is in privity with the Commonwealth, and so the judgment of the Commonwealth Court means res judicata also precludes the City's claim. *Fahs by Fahs v. Red Lion Area Sch. Dist.*, No. 1:15-cv-1108, 2018 WL 8131758, at *4 (M.D. Pa. Mar. 8, 2018) (recognizing that there is privity between the Commonwealth and a school district when they assert same legal right).

Nor can the City dispute that the Attorney General controls the State's power to bring and settle public-nuisance claims in civil litigation. The Attorney General is the "chief law officer" of the Commonwealth. Pa. Const. Art. IV, § 4.1; 71 P.S. § 732-206. When the Attorney General settles a civil suit on behalf of the Commonwealth, she does so for the benefit of all counties (including Philadelphia). After all, "[t]he Attorney General represents the public interests of the entire Commonwealth, including its municipalities and subdivisions." *Commonwealth by & through Krasner v. Att'y Gen.*, 309 A.3d 265, 277 (Pa. Commw. Ct. 2024).

In short, the City's concession that it does not seek private damages through its public-nuisance claim, ECF 89 at 18, means that it is acting solely as a surrogate for the Commonwealth and *reasserting* the same public-nuisance claim that the Commonwealth already released.

4

**III.     AS TO CVS, THE PCPO VIOLATES THE CONTRACT CLAUSE.**

The City does not dispute that the Attorney General released all public UTPCPL claims against CVS. ECF 88 at 12. Yet in count three, the City invokes its Consumer Protection Ordinance which purports to apply "retroactively to any conduct that occurred up to six years before the date of enactment of this Section, provided that at the time such conduct occurred it would also constitute a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 et seq." 9 Phila. Code. § 9-6307. In its opposition, the City focuses on only its *private* UTPCPL claim, but fails to mention its attempt to retroactively pursue released *public* UTPCPL claims. ECF 88 at 12.

In addition to contravening the Commonwealth Court's judgment, the City's attempt to resurrect by ordinance public UTPCPL claims that the Attorney General already released violates the Contract Clause. Const., Art. I., § 10, cl. 1. Contrary to the City's position, each element of a Contract Clause violation, laid out in *Nieves v. Hess Oil Virgin Islands Corp.*, is met. 819 F.2d 1237, 1243 (3d Cir. 1987). First, the ordinance substantially impairs CVS's contract with the Attorney General. CVS paid to settle the public UTPCPL claim with the entirety of the Commonwealth. *Id.* Second, the impairment is not justified—the Commonwealth made the determination that CVS's settlement payment was sufficient and achieved all necessary remedies on a statewide basis. ECF 82-4 at 6, 9. Third, the adjustment of rights affected by the City's use of its ordinance in this case is not reasonable. No party would ever settle a public claim of any kind with the Commonwealth if that claim could later be resurrected against the settling defendant by a Commonwealth subdivision.

**IV.     CONCLUSION**

For these additional reasons, the Court should grant the motion to dismiss by the CVS Defendants.

5

| | |
|---|---|
| Dated: March 3, 2026 | Respectfully submitted, |
| | *s/ Robert J. Norcia* |
| | Robert J. Norcia (PA 321509)<br>STRADLEY RONON STEVEN<br>  & YOUNG LLP<br>2005 Market Street, Suite 2600<br>Philadelphia, PA<br>(215) 564-8663<br>rnorcia@stradley.com |
| | Blair G. Brown (admitted pro hac vice)<br>Steven N. Herman (PA 205832)<br>Ivano M. Ventresca (PA 316256)<br>Brian J. Beaton, Jr. (admitted pro hac vice)<br>Aaron Chou (admitted pro hac vice)<br>ZUCKERMAN SPAEDER LLP<br>2100 L Street, NW, Suite 400<br>Washington, DC 220037<br>(202) 778-1800<br>bbrown@zuckerman.com<br>sherman@zuckerman.com<br>iventresca@zuckerman.com<br>bbeaton@zuckerman.com<br>achou@zuckerman.com |
| | Conor B. O'Croinin (admitted pro hac vice)<br>ZUCKERMAN SPAEDER LLP<br>100 East Pratt Street, Suite 2440<br>Baltimore, MD 21202<br>(410) 332-0444<br>cocroinin@zuckerman.com |
| | *Attorneys for Defendants CVS Pharmacy, Inc., CVS Health Corporation, Caremark Rx, L.L.C., Caremark, L.L.C., CaremarkPCS Health, L.L.C., AdvanceRx.com, L.L.C., and CaremarkPCS Pennsylvania Mail Pharmacy, LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that, on March 3, 2026, I caused the foregoing to be served on counsel of record via the Court's electronic case filing system.

                                        *s/ Robert J. Norcia*

                                        Robert J. Norcia

*Attorney for Defendants CVS Pharmacy, Inc., CVS Health Corporation, Caremark Rx, L.L.C., Caremark, L.L.C., CaremarkPCS Health, L.L.C., AdvanceRx.com, L.L.C., and CaremarkPCS Pennsylvania Mail Pharmacy, LLC*