# EXHIBIT 8

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY,
PENNSYLVANIA
CIVIL ACTION – LAW

DELAWARE COUNTY,  :  NO. 2017-008095
PENNSYLVANIA  :
  :
  :
v.  :
  :
PURDUE PHARMA, L.P., *et al*  :  COORDINATED CIVIL ACTIONS

## CASE MANAGEMENT ORDER NO. 1

AND NOW, this 14th day of September, 2018, intending to conform with Pa.R.C.P. 213.1, and consistent with Pa.R.A.P. 1701(b), this Court having determined certain procedure is needed to coordinate these civil actions which, among other claims, allege mismanagement, mishandling and/or misuse of certain synthetic compounds produced lawfully for medical use, known generally as opioids ("Pennsylvania Opioid Litigation"), it is hereby ORDERED and DECREED, as follows:

### 1. THE COORDINATED CASES.

The cases subject to the March 26, 2018 Order of this Court ("Coordination Order") are identified as the Coordinated Cases and listed at Exhibit "A" attached hereto.  The Coordinated Cases shall include any

subsequently filed civil case which includes a common question of fact or law and is transferred to this Court.

2. <u>PURPOSE AND SCOPE OF ORDER.</u>

(a) This Case Management Order ("CMO") is intended to conserve judicial resources, avoid duplicative motion practice and discovery to the fullest extent practicable, serve the convenience of the parties and witnesses, pursuant to Pa.R.C.P. 126, promote the just, speedy and inexpensive conduct of the litigation, and mediate the compromise and settlement of the parties' claims and defenses. This CMO and, unless otherwise specified, any subsequent pretrial case management order issued in the Coordinated Cases, shall govern pretrial proceedings in all of the Coordinated Cases, including any that may subsequently be transferred to this Court under Pa.R.C.P. 213.1.

(b) This CMO may be amended by the Court at any time. Any party may apply to the Court to modify or amend this CMO in any respect. The Court may issue subsequent case management orders further addressing pretrial proceedings in the Coordinated Cases.

2

## 3. APPLICATION TO ALL PARTIES.

This Order and all subsequent case management and pretrial orders shall be binding upon all parties and counsel in each civil action subject to this coordinated proceeding, unless the order expressly states it relates only to a specific action or party.

## 4. COMMUNICATION WITH THE COURT.

All substantive communication with the Court shall be filed of record without exception.

## 5. PRESERVATION.

All parties and counsel in each civil action subject to this coordinated proceeding are reminded of their obligation, consistent with the law of the Commonwealth of Pennsylvania and specifically the Pennsylvania Supreme Court Rules of Civil Procedure, to take reasonable measures to preserve for production, inspection, copying, testing, or sampling, those documents (including writings, drawings, graphs, charts, photographs, and electronically stored information), tangible things or electronically stored information, which constitute or contain materials within the scope of Pa.R.C.P. 4003.1 through 4003.6 and are in the possession, custody or control of a party, or are known by a party to be in the possession custody or control of a non-party.

3

## 6. COUNTERPART FEDERAL LITIGATION.

This Court acknowledges there are a number of federal civil actions which are similar on their facts to the Coordinated Cases now assigned as part of *In re: National Prescription Opiate Litigation*, MDL No. 2804 ("MDL 2804")(www.ohnd.uscourts.gov/mdl-2804). To achieve the efficiency, benefit and purpose of the Coordination Order, this Court intends to conform with the discovery, settlement and litigation procedures and protocols implemented for specific use in MDL 2804 in its case management of the Coordinated Cases.

## 7. CAPTIONS, DOCKETING, FILING AND SERVICE.

### (a)   CAPTIONS.

The caption used on each document to be docketed by a party will be the individual caption and number assigned by the Office of Judicial Support of Delaware County. The caption to be docketed by this Court will be *Delaware County, Pennsylvania v. Purdue Pharma, L.P., et al*, No. 2017-008095, ("Coordinated Civil Actions Docket").

### (b)   DOCKETING.

Each order, decision and opinion entered by this Court on the Coordinated Civil Action Docket will also be entered on the individual docket for each of the Coordinated Cases.

4

(c)    FILING AND SERVICE.

(1).    Electronic Service.    Each document any party files with or submits to this Court shall be served electronically by email upon each party in each of the Coordinated Cases by forwarding the document to each counsel of record.    Service by electronic file transfer to the Schedule of Electronic Distribution described at paragraph 7.(c)(2) below shall constitute service under this paragraph.    Each counsel of record must establish an electronic filing account with the Office of Judicial Support of Delaware County, immediately.

(2).    Electronic Service Lists.    Co-Lead Counsel for Plaintiffs, Manufacturer Defendants, Distributor Defendants, and Physician Defendants each respectively shall establish the Schedule of Email Distribution to which any party may send court filings or other case documents for service upon each party in the Coordinated Cases.    The Schedule of Email Distribution shall be entered upon the Coordinated Civil Actions Docket within thirty (30) days of this CMO, and as necessary from time to time shall be amended of record on that same docket.

5

8. STAY OF CASES AGAINST PHYSICIAN DEFENDANTS.

The Coordinated Cases shall be stayed as to the Physician Defendants for a period of ninety (90) days from the entry of this Order. As to the Physician Defendants only, all deadlines established by this CMO shall commence from the expiration of the stay, barring application by the Physician Defendants to extend the stay.

9. PRELIMINARY OBJECTIONS.

(a)    Preliminary Objection Test Cases. The intention of this Court is to coordinate briefing on preliminary objections ("POs") that may be filed under Pa.R.C.P. 1028, avoid duplication, and ensure efficiency given that there is substantial overlap of parties, fact patterns and legal claims and defenses within the Coordinated Cases. At the same time, this Court intends to preserve the parties' ability to separately brief POs as to any claims and defenses that may be unique to any specific party or individual case among the Coordinated Cases. Accordingly, this Court will hear POs in the Coordinated Cases in the following selected test cases (collectively, the "PO Test Cases"):

(1). *Delaware County, Pennsylvania v. Purdue Pharma, L.P., et al.* (Delaware Co. CCP No. 2017-008095).

(2). *County of Carbon v. Purdue Pharma, L.P., et al.* (Carbon Co. CCP No. 2018-0990).

(3). *Commonwealth of Pennsylvania, acting by and through Philadelphia District Attorney Lawrence S. Krasner v. Purdue Pharma, L.P., et al.* (Phila. Co. CCP No. 18010559).

(4). *Carpenters Health & Welfare of Philadelphia & Vicinty v. Purdue Pharma, L.P., et al.* (Phila. Co. CCP No. 180302264).

These selected test cases include a test case for civil actions brought by: (1) county/municipal plaintiffs against manufacturer defendants and physician defendants; (2) county/municipal plaintiffs against distributor defendants; (3) plaintiffs purporting to represent the Commonwealth; and (4) third-party payor plaintiffs.

(b)    <u>Amendments to PO Test Case Complaints.</u>    On or by Wednesday, November 14, 2018, Plaintiffs must file any amendments to the PO Test Case complaints or otherwise provide notice in writing to Defendants that the PO Test Case complaints will not be amended prior to the filing of POs.

(c)    <u>Non-PO Test Cases.</u>    Except upon motion, hearing and further order of this Court, Defendants do not need to file preliminary objections or otherwise respond to the complaints in any of the other actions in the Coordinated Cases.    This Court recognizes not all Defendants in the Coordinated Cases are parties to the PO Test Cases.    Those Defendants who are not parties to the PO Test Cases do not forfeit or waive any rights

7

by reason of the entry of this CMO and their non-participation in the PO Test Cases, and will be afforded the opportunity to assert their defenses in Non-PO Test Cases at the appropriate time once this Court has decided the preliminary objections raised pursuant to this CMO in the PO Test Cases.

(d)     POs – Form, Deadlines, and Page Limits.

(1). On or by Friday, December 14, 2018, the Manufacturer Defendants, Distributor Defendants, and Physician Defendants in the PO Test Cases shall each file combined POs and memoranda in support to the PO Test Case complaints addressing arguments common to each group of Defendants, respectively (i.e., Manufacturer Defendants shall file a single brief, Distributor Defendants shall file a single brief, and Physician Defendants shall file a single brief). Each brief (not including preliminary objections or attachments) shall not exceed 75 pages.

(2). On or by Friday, December 14, 2018, each Defendant named in the PO Test Cases may choose to file separate POs addressing issues specific to it. Defendant-specific POs may incorporate by reference arguments and objections addressed in the combined briefs. Defendant-specific briefs shall not exceed 20 pages (not including preliminary objections or attachments).

Copying Prohibited

(3). On or by 60 days from the expiration·of the stay imposed by Paragraph 8, Physician Defendants shall file their POs to the PO Test Case complaints.  The Physician Defendants are permitted to address any and all issues raised in any previously-filed Preliminary Objections or Motion for Reconsideration in their Test Case POs.

(4). On or by Friday, January 4, 2019,  Defendants in the *Commonwealth of Pennsylvania and Carpenters Health & Welfare of Philadelphia & Vicinity* POs Test Case shall file POs. Each brief shall conform to the length and other standards described herein at paragraph 9(d)(1).

(e)   Opposition and Replies – Form, Deadlines, and Page Limits. Plaintiffs may respond to the POs within 45 days after the POs are filed. Defendants may file replies to PO responses within 30 days thereafter. Plaintiffs shall file one opposition brief for each combined PO brief and one for each Defendant specific brief.  Co-Lead Counsel for Plaintiffs shall coordinate with Plaintiffs in Non-PO Test Cases to ensure those Plaintiffs' arguments are included in all opposition briefs.  Briefs responding to Defendants' combined briefs shall be limited to 75 pages (not including attachments).  Briefs responding to Defendant-specific briefs shall be limited to 20 pages (not including attachments).  Replies in support of

combined POs shall be limited to 25 pages (not including attachments). Replies in support of Defendant-specific POs shall be limited to 15 pages (not including attachments).

(f)    No Waiver or Forfeiture.

(1). Nothing in this paragraph 9 of the CMO shall be deemed a waiver or forfeiture of any right of any Plaintiff.

(2). Nothing in this paragraph 9 of the CMO shall be deemed a waiver or forfeiture of any right of any Defendant.

10.    DISCOVERY PROCEDURE.

This Court finding, within the meaning of Pa.R.C.P. 126, the substantial rights of the parties to the Coordinated Cases will not be affected, directs the parties to conduct discovery in the Coordinated Cases in substantial conformity with Pa.R.C.P. 4001 through 4020, except as provided in this CMO:

(a)    Discovery Period.  All pretrial discovery shall commence in the Coordinated Cases immediately upon entry of this CMO.    All pretrial discovery shall be completed by Friday, November 1, 2019.

(b)    Supervision of Discovery.    A significant reason for the Coordinated Order is to avoid duplicative motion practice and discovery in

10

the Coordinated Cases by assigning responsibility to this Court. This Court will preside over pretrial discovery in each of the Coordinated Cases.

(c)   MDL 2804 Pretrial Discovery.   To the extent any defendant in the Coordinated Cases has produced or will produce discovery through any method substantially similar to those identified at Pa.R.C.P. 4001(c) and (d), or thorough any protocol or procedure implemented by the Court in MDL 2804, those defendants shall, as soon as practicable and at no cost to the plaintiffs in the Coordinated Cases, deliver duplicate copies of those productions ("MDL 2804 Discovery Productions") to Co-Lead Counsel for the Plaintiffs in the Coordinated Cases.   This obligation to deliver MDL 2804 Discovery Production is continuing meaning: defendants shall deliver to Co-Lead Counsel in the Coordinated Cases any additional discovery the defendant produces to plaintiffs in MDL 2804 after entry of this CMO. Co-Lead Counsel for Defendants and Plaintiffs will mutually agree upon the time, place and method to complete delivery of the MDL 2804 Discovery Productions.

(d)   MDL 2804 Written, Documentary and Deposition Protocols. The pretrial discovery protocols implemented in MDL 2804 are approved and implemented by this CMO for the use of all parties in the Coordinated Cases in pretrial discovery.

11

(e)    Discovery Procedure, Generally.    Other than as hereinabove specifically directed, discovery shall be conducted in substantial compliance with the Pennsylvania Supreme Court Rules of Civil Procedure, the Local Rules of Civil Procedure adopted in Delaware County, including Del.Co. Local Rule 205.4 *Electronic Filing and Service of Legal Papers in Delaware County,* and the *Delaware County Public Access Policy Local Rule* adopted as a Local Rule of Judicial Administration on June 26, 2018, at *In re: Case Records Public Access Policy of the Unified Judicial System of Pennsylvania,* Delaware County Common Pleas Court Civil Docket No. 2017-005120.

(f)    Expert Witnesses and Opinion Testimony.    Within forty-five (45) days of the entry of this CMO, Co-Lead Counsel shall confer and by stipulation agree upon protocols for the discovery of expert testimony. The protocols agreed upon by stipulation may be in lieu of the civil procedure described at Pa.R.C.P. 4003.5.

11.    MISCELLANEOUS.

(a)    Local Rules.    The provisions of this CMO, and any subsequent case management or pretrial orders issued in the Coordinated Cases, shall supersede any inconsistent provisions of the Local Rules for the Court of Common Pleas of Delaware County.

12

(b)    Time Computation. Days, as referenced in this CMO, shall be completed pursuant to Pa.R.C.P. 106.

(c)    Extension of Deadlines.    Nothing in this CMO shall be interpreted to restrict the ability of the parties to move, separately or (preferably) jointly, for an extension of any deadline set by this order.

(d)    Protective Order. Documents, testimony, and other discovery in this Coordinated Cases may involve production of confidential, proprietary, and private information for which special protection from public disclosure and from using discovery for any purpose other than this litigation would be warranted. The parties in the Coordinated Ceases shall meet and confer and, within 45 days of the entry of this Order, file with the Court a proposed protective order governing the protection of confidential, proprietary, and private information. The parties shall state in this proposed protective order the areas on which they agree, and their respective positions where they may disagree.

(e)    Document Production Protocol. The Court encourages the parties in the Coordinated Cases to adopt a Document Production Protocol governing the format of production of documents.

13

(f)    Continuance Requests.   Once dates are scheduled, the Court is reluctant to grant continuances.   If a continuance is requested, the parties shall file an appropriate Motion for Continuance.

(g)    Documents.   Courtesy copies of each document filed with the Office of Judicial Support shall be furnished to this Court contemporaneously with the filing.

BY THE COURT:

G. MICHAEL GREEN,        J.

Copying Prohibited

14

FILED
09-17-2018 10 29 AM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

## COORDINATED CASES

1. *Delaware County, Pennsylvania v. Purdue Pharma, L.P., et al.*, No. 17-8095 (Delaware Co. Ct. C.P.).

2. *City of Pittsburgh v. Purdue Pharma, L.P., et al.*, No. 18-006153 (Allegheny Co. Ct. C.P.).

3. *County of Allegheny v. Purdue Pharma, L.P., et al.*, No. 18-006155 (Allegheny Co. Ct. C.P.).

4. *City of Philadelphia v. Allerga PLC, et al.*, No. 18002718 (Philadelphia Co. Ct. C.P.)

5. *Commonwealth of Pennsylvania v. Purdue Pharma L.P., et al.*, No. 18005594 (Philadelphia Co. Ct. C.P.).

6. *County of Armstrong v. Purdue Pharma, L.P., et al.*, No. 2017-1570-GV (Armstrong Co. Ct. C.P.).

7. *County of Beaver v. Purdue Pharma, L.P., et al.*, No. 11326-2017 (Beaver Co. Ct. C.P.).

8. *County of Cambria v. Purdue Pharma L.P., et al.*, No.2017-4131 (Cambria Co. Ct. C.P.).

9. *County of Cumberland v. Purdue Pharma L.P., et al.*, No. 2018-02147 (Cumberland Co. Ct. C.P.).

10. *Dauphin County v. Purdue Pharma L.P., et al.*, No. 2018-CV-716-CV (Dauphin Co. Ct. C.P.).

11. *County of Fayette v. Purdue Pharma L.P., et al.*, No. 2017-2676 (Fayette Co. Ct. C.P.).

12. *County of Greene v. Purdue Pharma L.P., et al.*, No. 791-2017 (Greene Co. Ct. C.P.).

13. *County of Lackawanna v. Purdue Pharma L.P., et al.*, No. 17-CV-5156 (Lackawanna Co. Ct. C.P.).

14. *County of Lawrence v. Purdue Pharma L.P., et al.*, No. 11180-17 (Lawrence Co. Ct. C.P.).

15. *County of Northampton v. Purdue Pharma L.P., et al.*, No. C84-cv 2017-11557 (Northampton Co. Ct. C.P.).

16. *County of Washington v. Purdue Pharma L.P. et al.*, No.2017-6268 (Washington Co. Ct. C.P.).

17. *Westmoreland County v. Purdue Pharma L.P., et al.*, No. 2017-5975 (Westmoreland Co. Ct. C.P.).

18. *County of York v. Purdue Pharma L.P., et al.*, No. 2017-SU-003372 (York Co. Ct. C.P.).

19. *AFSCME District Council 33 Health & Welfare Fund v. Purdue Pharma L.P., et al.*, No. 180302569 (Philadelphia Co. Ct. C.P.).

20. *AFSCME District Council 47 Health & Welfare Fund v. Purdue Pharma L.P., et al.*, No. 180302255 (Philadelphia Co. Ct. C.P.).

21. *County of Bradford v. Purdue Pharma L.P., et al.*, No. 2018CV0059 (Bradford Co. Ct. C.P.).

22. *Bricklayers and Allied Craftworkers Union No. 1 of PA/DE Health and Welfare Fund v. Purdue Pharma L.P., et al.*, No. 180302256 (Philadelphia Co. Ct. C.P.).

23. *County of Carbon v. Purdue Pharma L.P., et al.*, No.18-0990 (Carbon Co. Ct. C.P.).

24. *Carpenters Health & Welfare of Philadelphia & Vicinity v. Purdue Pharma L.P., et al.*, No. 180302264 (Philadelphia Co. Ct. C.P.).

25. *County of Clarion v. Purdue Pharma L.P., et al.*, No. 285 CD 2018 (Clarion Co. Ct. C.P.).

Copying Prohibited

26. *The Trustees of the Unite Here Local 634 Health & Welfare Fund v. Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, et al.,* No. 180401123 (Philadelphia Co. Ct. C.P.).

27. *The Commonwealth of Pennsylvania by James B. Martin, District Attorney of Lehigh County, et al v. Purdue Pharma L.P., et al.,* No.2018-C-0716 (Lehigh Co. Ct. C.P.).

28. *SEPTA v. Endo Pharmaceuticals, Inc., et al.,* No. 180302923 (Philadelphia Co. Ct. C.P.).

29. *Philadelphia Freedom of Teachers Health and Welfare Fund v. Endo Pharmaceuticals, Inc., et al.,* No. 003891 (Philadelphia Co. Ct. C.P.).

30. *UFCW, Local 23 and Employers Health Fund v. Endo Pharmaceuticals, Inc., et al.,* No. 003485 (Philadelphia Co. Ct. C.P.).

31. *County of Erie v. Purdue Pharma L.P., et al.,* (Erie Co. CCP No.11577-18).

32. *Clinton County v. Purdue Pharma L.P., et al.* (Clinton Co. CCP, No. 752-18).

33. *County of Huntingdon v. Purdue Pharma L.P., et al.* (Huntingdon Co. CCP, No. 2018-0784).

34. *Mahoning Township v. Purdue Pharma L.P., et al.* (Philadelphia Co. CCP No. 180603466).

35. *County of Mercer v. Purdue Pharma L.P., et al.* (Mercer Co. CCP No. 2018-1596).

36. *County of Monroe v. Purdue Pharma L.P., et al.* (Monroe Co. CCP No. 3972CU18).

37. *Pike County v. Purdue Pharma L.P., et al.* (Pike Co. CCP No. 602-2018).

38. *Township of Bensalem v. Purdue Pharma L.P., et al.* (Bucks CCP No. 2018-03119).

Copying Prohibited

*39. Schuylkill County v. Purdue Pharma L.P., et al.* (Schuylkill CCP No. S-1241-18).

*40. Tioga County v. Purdue Pharma L.P., et al.* (Tioga CCP No. 563 CV 2018).

*41. Iron Workers District Council of Philadelphia and Vicinity Benefit Fund v. Abbott Labs, et al.,* No. 18052442 (Philadelphia Co. Ct. C.P.)

Copying Prohibited

FILED
09-17-2018 10:29 AM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA