**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| CITY OF PHILADELPHIA, | : |
| Plaintiff, | :    No. 2:25-cv-06185-GJP |
| vs. | : |
| CVS HEALTH CORPORATION, et al. | : |
| Defendants. | : |

**PLAINTIFF'S SURREPLY TO THE CVS DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT**

## TABLE OF CONTENTS

I.    THE ATTORNEY GENERAL HAD NO POWER TO SETTLE THE CITY'S PUBLIC NUISANCE CLAIM, WHICH DOES NOT BELONG TO THE COMMONWEALTH..................................................................................... 1

II.   CVS HAS NOT DEMONSTRATED THAT THE CITY'S PHILADELPHIA CONSUMER PROTECTION ORDINANCE CLAIM VIOLATES THE CONTRACTS CLAUSE. ................................................................................... 3

III.  CVS'S BREACH OF CONTRACT ARGUMENTS LACK MERIT................................. 4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashley Sveen v. Kaye Melin*,
   584 U.S. 811 (2018)...................................................................................................................3

*Boehm v. Philadelphia*,
   59 Pa. Super. 441 (1915)...........................................................................................................1

*Burton v. Teleflex Inc.*,
   707 F.3d 417 (3d Cir. 2013).......................................................................................................5

*City of Philadelphia v. Beretta U.S.A., Corp.*,
   126 F. Supp. 2d 882 (E.D. Pa. 2000) .........................................................................................1

*City of Philadelphia v. Holmes Elec. Protective Co. of Philadelphia*,
   6 A.2d 884 (Pa. 1939)................................................................................................................2

*City of Philadelphia v. Lead Indus. Ass'n, Inc.*,
   994 F.2d 112 (3d Cir. 1993).......................................................................................................2

*Dong-A Ilbo v. Lim*,
   No. CV 08-2399, 2009 WL 10685313 (E.D. Pa. Aug. 24, 2009)..............................................5

*Energy Reserves Group, Inc. v. Kansas Power & Light Co.*,
   459 U.S. 400 (1983)...................................................................................................................3

*Com. ex rel. Krasner v. Att'y Gen.*,
   309 A.3d 265 (Pa. Cmwlth. 2024), *appeal pending*, No. 8 EAP 2024 (Pa.) .............................2

*Med. Reimbursement Data Mgmt., LLC v. Aetna Health Inc.*,
   No. CIV.A. 12-1699, 2012 WL 2873566 (E.D. Pa. July 12, 2012)...........................................5

*Muehlieb v. City of Philadelphia*,
   574 A.2d 1208 (Pa. Cmwlth. 1990) ...........................................................................................1

*Nekrilov v. City of Jersey City*,
   45 F.4th 662 (3d Cir. 2022) .......................................................................................................3

*Nieves v. Hess Oil Virgin Islands Corp.*,
   819 F.2d 1237 (3d Cir. 1987)......................................................................................................3

*Roofers Local No. 149 Pension Fund v. GSK PLC*,
   Civ. No. 25-00618, 2026 WL 602784 (E.D. Pa. 2026) .............................................................4

*United States Trust Co. v. New Jersey*,
   431 U.S. 1 (1977).......................................................................................................................3

**Statutes**

9 Phila. Code. § 9-6300, *et seq*. .................................................................................................3

**Rules**

Fed. R. Civ. P. 12(d) ..................................................................................................................5

The City of Philadelphia submits this short surreply to address a number of incorrect arguments made in the reply of the CVS Defendants ("CVS"), Dkt. 108, in support of its motion to dismiss (ECF 82).

## I. THE ATTORNEY GENERAL HAD NO POWER TO SETTLE THE CITY'S PUBLIC NUISANCE CLAIM, WHICH DOES NOT BELONG TO THE COMMONWEALTH.

CVS takes the completely unfounded position that, when the City asserts a public nuisance claim, "it does so as a surrogate for the Commonwealth" such that the Attorney General had the power to release the City's public nuisance claim through its Consent Decree with CVS, even though the City is not a party to that agreement. Dkt. 108 at 1. That is an absurd interpretation of Pennsylvania law and is unsupported by *City of Philadelphia v. Beretta U.S.A., Corp.*, 126 F. Supp. 2d 882, 891-94 (E.D. Pa. 2000), or the cases cited in CVS's initial brief, Dkt. 82 at 13. *Beretta* does *not* hold that municipalities act as "surrogates" for the Commonwealth when they bring public nuisance claims. Instead, CVS quotes *dicta* discussing the constitutionality of a Pennsylvania law that deprived the City of the power to sue gun manufacturers, including via a public nuisance claim. *Beretta*, 126 F. Supp. 2d at 889, 892-94. Neither *Beretta* nor any other case stands for the sweeping proposition that the Commonwealth owns or controls Pennsylvania municipalities' public nuisance claims. If this Court were to adopt CVS's contention that the State is the only governmental entity empowered to remedy public nuisance claims, Dkt. 108 at 2, it would upend Pennsylvania public nuisance law, which for over a century has allowed local subdivisions to abate public nuisances in their jurisdictions. *See, e.g., Muehlieb v. City of Philadelphia*, 574 A.2d 1208, 1211 (Pa. Cmwlth. 1990); *Boehm v. Philadelphia*, 59 Pa. Super. 441, 445 (1915).

Because the City is not "attempting to exercise [the Commonwealth's] power" and is not "in privity with the Commonwealth," the Attorney General cannot settle the City's public nuisance or other claims. *See* Dkt. 88 at 12. But even if this Court were to consider the Final Consent

Judgment and Dismissal between the Commonwealth and CVS, which it should not, *see id.* at 10-11, the Attorney General released only the claims of "Participating Subdivision[s]," Dkt. 82-4, at p. 6, ¶ 9b, and the City was not a "Participating Subdivision." Dkt. 82-4, CVS Settlement Agreement at p. 44, ¶ C (requirements to become Participating Subdivision include executing agreement and ceasing litigation activity); *see also* Dkt. 82 at 10 (CVS admits that Philadelphia "chose not to join this agreement."). If the Commonwealth "owned" municipalities' public nuisance or other claims, there would have been no reason for the Attorney General and CVS to seek the participation of those local subdivisions and include these contractual requirements, and CVS points to no authority that allows the Attorney General to settle the claims of non-participating parties.[1]

CVS also does not cite any law that authorizes the Attorney General to prevent the City from invoking nullum tempus, Dkt. 108 at 3. Instead, "statutes of limitations cannot be pleaded against such political subdivisions when … the cause of action accrues to them in their governmental capacity and the suit is brought to enforce an obligation imposed by law as distinguished from one arising out of an agreement voluntarily entered into by the defendant." *City of Philadelphia v. Lead Indus. Ass'n, Inc.*, 994 F.2d 112, 119 (3d Cir. 1993) (quoting *City of Philadelphia v. Holmes Elec. Protective Co. of Philadelphia*, 6 A.2d 884, 887 (Pa. 1939)); *see also* Dkt. 90 at 7-8 (public entities may invoke nullum tempus).

---

[1] The only case CVS cited in its initial brief in support of this argument was *Com. ex rel. Krasner v. Att'y Gen.*, 309 A.3d 265 (Pa. Cmwlth. 2024), *appeal pending*, No. 8 EAP 2024 (Pa.) (argued Mar. 11, 2026), which is inapplicable. *See* Dkt. 88 at 12. If this Court were nevertheless inclined to consider *Krasner* here, the City suggests that the Court should hold CVS's motion in abeyance pending the Pennsylvania Supreme Court's decision.

## II.    CVS HAS NOT DEMONSTRATED THAT THE CITY'S PHILADELPHIA CONSUMER PROTECTION ORDINANCE CLAIM VIOLATES THE CONTRACTS CLAUSE.

For these same reasons, the Attorney General did not have authority to release the City's claim under its Consumer Protection Ordinance, 9 Phila. Code. § 9-6300, *et seq*.  *See* Dkt. 88 at 12-13 (Consent Decree does not encompass City's CPO claim).  In addition, CVS has failed to meet its burden to demonstrate that the CPO violates the Contracts Clause of the U.S. Constitution. Dkt. 108 at 4.  First, CVS cannot show that the CPO actually impairs its contract with the Attorney General because CVS could not have had a "*legitimate* expectation[]" that it was settling local consumer protection claims statewide when the Consent Decree specifically provided that subdivisions could opt out.  *Nieves v. Hess Oil Virgin Islands Corp.*, 819 F.2d 1237, 1247 (3d Cir. 1987) (emphasis in original) (citing *United States Trust Co. v. New Jersey,* 431 U.S. 1, 19 n.17 (1977)).  And even if the Court found that the City's CPO claim impairs the Consent Decree, the CPO still passes Constitutional muster because it is "an 'appropriate' and 'reasonable' way to advance "a significant and legitimate public purpose"—remedying unfair trade practices in the City.  *See, e.g., Ashley Sveen v. Kaye Melin*, 584 U.S. 811, 819 (2018) (citing *Energy Reserves Group, Inc. v. Kansas Power & Light Co.*, 459 U.S. 400, 411-12 (1983)).  Moreover, "the Contract Clause does not disrupt a [City's] ability to exercise its police powers in service of the public interest, even if it affects existing contracts," and this Court must defer to the City Council's judgment that the CPO was a necessary and reasonable way to address unfair trade practices in the City.  *Nekrilov v. City of Jersey City*, 45 F.4th 662, 678, 680 (3d Cir. 2022).  CVS's policy argument that parties will not settle with the Commonwealth if they fear that similar claims could be brought against them by a Pennsylvania subdivision does not alter this analysis.

3

### III.    CVS'S BREACH OF CONTRACT ARGUMENTS LACK MERIT.

CVS contends that the City's breach of contract claim for pre-2021 contracts is time-barred and not saved by any tolling doctrine.[2]  Dkt. 108 at 5-7. Contrary to what CVS asserts, the City does not concede that, if it had inquiry notice of its injury, then tolling doctrines are inapplicable. *See, e.g., Roofers Local No. 149 Pension Fund v. GSK PLC*, Civ. No. 25-00618, 2026 WL 602784, at *8 (E.D. Pa. 2026) ("the limitations period does not automatically begin to run when a plaintiff is merely put on inquiry notice or when there are storm warnings") (internal quotation marks omitted).  And, as explained in more detail in the City's Sur-Reply in Opposition to Defendants' Joint Motion to Dismiss at 5-6, incorporated herein by reference, the City did not discover that it had a breach of contract claim against CVS until it obtained specific evidence produced in other opioid litigation that pharmacy benefit managers had colluded with opioid manufacturers to expand the opioid market, such as by giving opioids preferred positions on their formularies.  Only then did the City discover that CVS was not acting in the City's best interest in executing the contracts, but was breaching those agreements.  The fact that the City sued CVS over its *pharmacy* conduct in other cases, Dkt. 108 at 5-6, was insufficient to put the City on inquiry notice as to CVS's *PBM* conduct.  In any event, when the City was put on notice of its breach of contract claim is a factual issue inappropriate for resolution on a motion to dismiss.  *See* Dkt. 88 at 7 (citing cases).

As to the merits of the City's breach of contract claim, CVS contends that the Court should consider the excerpts of just two of the multiple contracts it had with City since 2006 because the contracts, according to CVS, contain "materially similar terms."  Dkt. 108 at 7-8.  Even if the

---

[2] CVS also argues that the City has conceded that its breach of contract claims should be dismissed as to all CVS Defendants other than CaremarkPCS Health, L.L.C. Dkt. 108 at 4. Not so. The Complaint alleges that the other CVS Defendants are directly involved in the conduct of and control CaremarkPCS Health, L.L.C.  Dkt. 1 at ¶¶ 55-56; *see also, e.g.,* ¶¶ 28-32, 48, 50, 52, 54.

contracts were similar—and the few Complaint paragraphs CVS refers to do not support this assertion—consideration of this extrinsic, incomplete evidence is improper on a motion to dismiss. *See, e.g., Dong-A Ilbo v. Lim*, No. CV 08-2399, 2009 WL 10685313, at *1 n.1 (E.D. Pa. Aug. 24, 2009) (refusing to consider documents defendants attached to motion to dismiss, "including a (possibly incomplete) contractual agreement"); *Med. Reimbursement Data Mgmt., LLC v. Aetna Health Inc.*, No. CIV.A. 12-1699, 2012 WL 2873566, at *2 (E.D. Pa. July 12, 2012) ("contract is to be considered as a whole"); Fed. R. Civ. P. 12(d) (if matters outside pleading are not excluded by court, motion must be converted into one for summary judgment and parties allowed to present all pertinent material). CVS otherwise cites no law in support of its position, which is contrary to Pennsylvania law that contract interpretation of ambiguous terms must be left to the factfinder. Dkt. 88 at 2-3 (citing cases). The Court should not decide the City's breach of contract claim as a matter of law based on the incomplete record CVS provides of materials outside of the Complaint.

Lastly, CVS argues (Dkt. 109 at 8) that the City cannot bring a claim for breach of the implied covenant of good faith and fair dealing. Although the City cannot bring a "independent cause of action for breach of the covenant," *Burton v. Teleflex Inc.*, 707 F.3d 417, 433 (3d Cir. 2013), the City can assert breach of the implied covenant as a basis for finding CVS breached its contract with the City, as the City has done here. *See* Dkt. 88 at 6-7. That is entirely consistent with Pennsylvania law. *See, e.g.*, *Burton*, 707 F.3d at 432 ("a claim arising from a breach of the covenant of good faith must be prosecuted as a breach of contract claim, as the covenant does nothing more than imply certain obligations into the contract itself") (internal quotation marks omitted).

For all of the foregoing reasons and those in the City's opposition to the CVS Defendants' Motion to Dismiss Plaintiff's Complaint, this Court should deny CVS's motion to dismiss.

DATED: August 4, 2026

Respectfully Submitted,

THE CITY OF PHILADELPHIA LAW DEPT.

By:  /s/Catherine Hancock Dorsey
Catherine H. Dorsey (pro hac vice)
**BARON & BUDD, P.C.**
2600 Virginia Ave. N.W. Suite 612
Washington, DC 20037
Tel.: (202) 333-4562
cdorsey@baronbudd.com

Renee Garcia, City Solicitor
(PA Bar No. 315622)
Anne Taylor, Litigation Chair
(PA Bar No. 206057)
Lydia Furst, Chief Deputy City Solicitor
(PA Bar No. 307450)
Michael Pfautz, Deputy City Solicitor
(PA Bar No. 325323)
**CITY OF PHILADELPHIA LAW DEPT.**
1515 Arch Street, 17th Floor
Philadelphia, PA 19102
Tel: (215) 683-5000
renee.garcia@phila.gov
anne.taylor@phila.gov
lydia.furst@phila.gov
michael.pfautz@phila.gov

Russell W. Budd (pro hac vice)
Christine C. Mansour (pro hac vice)
**BARON & BUDD, P.C.**
3102 Oak Lawn Ave., Suite 100
Dallas, TX 75219
Tel.: (214) 521-3605
rbudd@baronbudd.com
cmansour@baronbudd.com

Jerry R. DeSiderato (PA Bar No.
201097)
Timothy J. Ford (PA Bar No. 325290)
Silvio Trentalange (PA Bar No. 320606)
Stanford B. Ponson (PA Bar No. 322548)
**DILWORTH PAXSON LLP**
1650 Market Street, Suite 1200
Philadelphia, PA 19103
Tel.: (215) 575-7000
jdesiderato@dilworthlaw.com
tford@dilworthlaw.com
strentalange@dilworthlaw.com
sponson@dilworthlaw.com

J. Burton LeBlanc, IV (pro hac vice)
**BARON & BUDD, P.C.**
2600 CitiPlace Drive, Suite 400
Baton Rouge, LA 70808
Tel.: (225) 927-5441
bleblanc@baronbudd.com

Daniel Alberstone (pro hac vice)
Mark Pifko (pro hac vice)
Peter Klausner (pro hac vice)
Evan Zucker (pro hac vice)
Elizabeth Smiley (pro hac vice)
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Los Angeles, California 91436
Tel.: (818) 839-2333
dalberstone@baronbudd.com
mpifko@baronbudd.com
pklausner@baronbudd.com
ezucker@baronbudd.com
esmiley@baronbudd.com

Gregory B. Heller (PA Bar No. 61130)
**FELDMAN SHEPHERD
WOHLGELERNTER TANNER
WEINSTOCK DODIG LLP**
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
Tel: (215) 567-8300
gheller@feldmanshepherd.com

6

Andrew B. Sacks (Pa Bar No. 41390)
John Weston (PA Bar No. 26314)
**SACKS LAW, LLC**
1 Liberty Place, 55th Floor
1650 Market Street
Philadelphia, PA 19103
Tel.: (215) 925-8200
asacks@sackslaw.com
jweston@sackslaw.com

Stephen A. Sheller (PA Bar No. 3270)
**SHELLER PC**
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Tel.: (215) 790-7300
sasheller@sheller.com

Anthony J. Majestro (pro hac vice)
**POWELL & MAJESTRO, PLLC**
405 Capitol Street, Suite 807
Charleston, WV 25301
Tel.: (304) 346-2889
amajestro@powellmajestro.com

Peter J. Mougey (pro hac vice)
Jeffrey R. Gaddy (pro hac vice)
**LEVIN, PAPANTONIO, PROCTOR,
BUCHANAN, O'BRIEN, BARR &
MOUGEY P.A.**
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
(850) 435-7068
pmougey@levinlaw.com
jgaddy@levinlaw.com

*Attorneys for Plaintiff*

7

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2026, the foregoing was served upon counsel of record via the Court's electronic case filing system.

*/s/Catherine Hancock Dorsey*
Catherine Hancock Dorsey

8